## In re NOSTRAND LEATHER GOODS SHOP, Inc.

(District Court, E. D. New York. November 9, 1921.)

1. **Bankruptcy ⬦⟹154—Purchaser returning lease and fixtures in condition in which received entitled to credit for agreed valuation.**

　　Where a bankrupt, without complying with Personal Property Law, N. Y., § 44, had transferred a stock of goods, lease, fixtures, and good will for $3,000, $1,000 of which was for the lease and fixtures, and was the fair value thereof, and the lease and fixtures were returned to the receiver in the same condition as when the transferee received them, he was entitled to be credited with $1,000, the valuation of the lease and fixtures.

2. **Bankruptcy ⬦⟹303(1)—Purchaser, who did not keep record of sales, not entitled to complain that doubts as to amount of property are resolved against him.**

　　Where one to whom a bankrupt had transferred a stock of goods without complying with Personal Property Law, N. Y., § 44, made sales and kept no record thereof, he could not complain if doubts as to the amount of goods sold were resolved against him.

In Bankruptcy. Application by Louis Hamburg for the return of certain property to him by Thomas J. F. Kirk, receiver in bankruptcy of the Nostrand Leather Goods Shop, Inc. On report of a special commissioner. Report confirmed.

Emanuel F. Kirk, of Brooklyn, N. Y., for petitioner.
Leon Dashew, of New York City, for trustee.

GARVIN, District Judge. An application was made by Louis Hamburg to compel Thomas J. F. Kirk, receiver in bankruptcy herein, to turn over 12 promissory notes, aggregating the sum of $1,000, a chattel mortgage given to secure payment thereof, and the sum of $1,181.21. The receiver appeared and filed an answer in writing, thus raising issues which were referred by the court to a special commissioner, who has filed a report, which is now before the court for confirmation.

Shortly before the petition in bankruptcy was filed, the bankrupt transferred its entire stock, lease, fixtures, and good will to Hamburg for a consideration of $2,000 in cash and $1,000 in notes. A receiver in bankruptcy was appointed, who took possession of the property, and has now attacked the validity of the transfer, upon the grounds that it was a transfer of merchandise in bulk and that five days' notice to creditors was not given, as required by section 44 of the Personal Property Law of the state of New York (Consol. Laws, c. 41). There is apparently no dispute that the sale was void. The question involved has to do with how much the trustee in bankruptcy, since elected, is entitled to hold.

When the transfer to Hamburg was made, it was agreed between the parties that, of the total consideration of $3,000, $1,000 represented good will, lease, and fixtures, and the balance the value of the stock of merchandise. The special commissioner has found that the receiver came into possession of the following: Received from the bankrupt, $1,050; received from Louis Hamburg, cash, $325; received from

Louis Hamburg, notes, $1,000. In addition, the receiver took the fixtures, lease, and some merchandise.

Hamburg contends that the fixtures and lease were worth $1,000, and the merchandise which was turned over to the receiver $1,824.45. The receiver (now the trustee) contends that the merchandise, lease, and fixtures have a valuation of the amount brought when they were sold at auction, which was $1,438, and no more. No evidence was adduced that, at the time of the attempted transfer by the bankrupt, $1,000 for the lease and fixtures and $2,000 for the stock, the prices agreed upon by Hamburg and the bankrupt, were not fair valuations.

[1] The record shows that the lease and fixtures were delivered to the receiver by Hamburg in the same condition as when Hamburg received them from the bankrupt. It follows that the conclusion of the special commissioner that Hamburg should be credited with the agreed valuation of the lease and fixtures, to wit, $1,000, is correct.

[2] Hamburg took possession of the property late in May. He continued business, and sold from time to time a part of the stock, until June 10, keeping no record of sales, and replacing all or some of the goods sold, according to his own statement. From June 10 to June 20 the receiver was in possession. During this time Hamburg, with the consent of the receiver, sold goods worth approximately $310, which he paid to the receiver. From June 20 to July 10, during which time Hamburg was again in possession, he continued to sell, keeping no record of sales. It thus appears that Hamburg, by his own conduct in failing to keep a record of sales, first by disposing of the property, and again by failing to make a record of sales, has made it impossible to ascertain the valuation of the property received by him. The observations of Judge Learned Hand in Bentley v. Young (D. C.) 210 Fed. 202, 31 Am. Bankr. Rep. 506, apply:

"In hastily removing and disposing of this stock, they have effectually prevented any accurate finding upon its value, and while in this suit I cannot penalize them for that, yet, when there is fair doubt. they who have destroyed the evidence must be content if it is resolved against them."

Applying these principles, the special commissioner has found that the receiver took possession of the following property:

Cash paid by bankrupt..................................................... $1,050
Cash paid by Louis Hamburg............................................... 310
Value of fixtures and lease.............................................. 1,000
Merchandise ............................................................. 1,022
Notes ................................................................... 1,000

    Total ............................................................... $4,382

The commissioner has further found, as a result of the foregoing, that Hamburg should receive $382, less $50 paid him by a subtenant for one month's rent of apartment, and less $83.33, one-third of the month's rental of the store, or $248.67.

The trustee claims that the purchasers are entitled to no refund whatever, on the ground that the sale was fraudulent. The special commissioner has considered this claim and finds insufficient proof of fraud, a finding which is warranted by the record. The recom-

mendations of the commissioner that the expenses of the sale be charged to the trustee is proper.

The report of the special commissioner is confirmed.